

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,451-01

### EX PARTE JAMES ALFORD TUTT, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. F1219047-A IN THE 145TH DISTRICT COURT FROM NACOGDOCHES COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of aggravated assault and sentenced to concurrent terms of five years' imprisonment. He did not appeal his convictions.

Applicant contends that his guilty pleas were involuntary because the plea agreement stated that he would be considered for shock probation for each conviction after serving 150 days in prison. *See* TEX. CODE OF CRIM. PROC. art. 42.12 §§ 3(a), 3g(a)(2), 6. Applicant, however, is not eligible for shock probation because there were affirmative deadly weapon findings entered in each count.

*Id.* Applicant asks that the convictions be set aside due to the mistaken belief by him, the State, and the trial court regarding his eligibility for shock probation. The trial court finds that Applicant's guilty pleas were not voluntary and recommends that relief be granted. This Court agrees.

The judgment in Cause No. F1219047 in the 145th District Court of Nacogdoches County is set aside, and Applicant is remanded to the custody of the Sheriff of Nacogdoches County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: November 27, 2013
Do not publish